## JUAN NAJERA V. STATE

No. 27,448. February 23, 1955
Rehearing Denied (Without Written Opinion)
April 13, 1955

*Norman Barr* and *Cliff Tupper*, San Angelo, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is assault with intent to murder; the punishment, three years.

The injured party Flores testified that he entered the Rodriguez Bar shortly after midnight and saw the appellant, whom he had never seen before, brandishing a pistol; that he approached his friend Tony and asked him what was the trouble and whether the appellant was going to shoot; that the appellant must have heard this inquiry because he came over to the witness, said that he was going to shoot, and proceeded to do so several times. Flores stated that he was shot three times and that after he fell to the floor the appellant continued to shoot and finally put the pistol to the witness's forehead and pulled the trigger, but that "he was out of bullets."

One Torres testified that he was present at the time in question; that he observed an argument in progress, saw the appel-

lant with a pistol in his hand; and that he attempted to leave the building, but he was shot in the leg as he went out the door.

The proprietor Rodriguez testified that he was attempting to separate one Ramon and one Grimaldo, who were fighting, and that he observed the appellant down on the floor; that the appellant got up, drew his pistol, and warned all present not to come close to him; that Flores told the appellant to put up his pistol; that appellant said, "Don't come any closer or I will prove that it will shoot"; that Flores took another step toward the appellant, and the appellant fired three or four times.

Tony Andres testified that he witnessed the fight and Rodriguez's efforts to stop it; that "all of a sudden this man (the appellant) jumped up with a gun"; that Flores came in the bar and asked him if the appellant was going to shoot; that the appellant turned around, came toward Flores and shot him; that in the volley he himself was shot, and after Flores fell to the floor the appellant stood over him pointing the pistol at him and said he was going to kill him.

Appellant, testifying in his own behalf, told of having drunk 20 or 25 bottles of beer on the day in question, said that somebody hit him on the head with a beer bottle, that he went out of the bar, got his six shooter from his truck, and when he returned somebody threw a beer bottle at him. Appellant stated that Flores told him that his gun would not shoot and that he told Flores that if he made another step he would shoot him, that Flores took the forbidden step, and he shot him. In giving his reason for shooting Flores, the appellant said, "I just want to prove to Flores this gun really shoot, that is what I was trying to do." At another time the appellant makes this explanation, "Well, told me the gun wouldn't shoot, trying to walk on toward me and tell me that."

At no time does the appellant or any other witness testify that Flores was armed, was in the act of assaulting the appellant or was doing any act that would indicate an intention to do so; nor did the appellant testify that he was afraid of Flores or that he thought that Flores was about to make an attack upon him. So far as we know, this court has never held that the mere act of taking one step forward constituted an attack which would authorize one to defend against.

The facts have been stated rather fully because the sole ques-

tion urged upon appeal is alleged error in the court's charge on the issue of self-defense.

We do not think that the facts before us raise the issue of self-defense but will briefly discuss appellant's contention. He claims that the charge was too restrictive in that it required that the acts of the injured party arouse in the mind of the accused a reasonable expectation or fear of death or serious bodily injury before he would be justified in killing his assailant. Appellant everlooks a later paragraph in the charge which told the jury that the appellant had the right to defend himself against an attack or threatened attack by Flores which "was not of such character or with such weapon as to put the appellant in fear of losing his life or suffering serious bodily injury."

Finding no reversible error, the judgment is affirmed.